IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMES EDWARD RAMSEY | * | |
| v. | * | Civil No. JFM-16-1810 |
| UNITED STATES PAROLE COMMISSION,<br>*et. al* | * | |

\*\*\*\*\*\*

### MEMORANDUM

The following federal criminal and parole history is culled from an opinion written by United States District Judge Rosemary M. Collyer in a prior habeas corpus petition filed by James Edward Ramsey ("Ramsey") in the United States District Court for the District of Columbia when he was confined at the District of Columbia Jail in November of 2012.

On June 6, 1984, Ramsey was sentenced to a five to 15 year term of imprisonment on his conviction for assault with intent to commit rape in the Superior Court of the District of Columbia. *See Ramsey v. Faust, et al.*, Civil Action No. RMC-12-1818 (D. D.C.) at ECF No. 22. At the time of sentencing, Ramsey was serving a prison term in Virginia. Upon his parole by the Virginia authorities on April 7, 1988, he was returned to the District of Columbia to begin to serve the sentence imposed by the Superior Court. *Id.* The former District of Columbia Board of Parole ("Parole Board") released Ramsey on August 27, 1992.[1] Ramsey was to remain under supervision until April 11, 2003. *See Ramsey v. Faust, et al.*, Civil Action No. RMC-12-1818 (D. D.C.) at ECF No. 22.

---

[1] The Parole Board was abolished. And the United States Parole Commission assumed parole responsibilities with respect to District of Columbia Code offenders. See D.C. Code § 24-131(a).

On December 1, 1997, the Parole Board issued a warrant for Ramsey's arrest on charges of having violated two administrative conditions of his parole release. Specifically, Ramsey had not kept his parole officer informed of his address and employment, and he otherwise had not followed his parole officer's instructions. *Id.* The Parole Board was not aware that Ramsey had been convicted and sentenced to a 15-year term of imprisonment for armed robbery and aggravated vehicle hijacking/weapon in the Circuit Court of Cook County, Illinois, in November 1996. Upon receipt of this information, the United States Parole Commission ("USPC"), which by then had assumed parole authority with respect to District of Columbia Code offenders, directed that the Parole Board's warrant be lodged as a detainer with Illinois authorities. In addition, the USPC charged Ramsey with an additional violation of the conditions of his parole release: a law violation arising from his arrest and conviction in Illinois for armed robbery and aggravated vehicular hijacking with a weapon. *Id.* Upon Ramsey's release by the Illinois authorities, the Parole Board's warrant was executed on February 21, 2003.

The USPC conducted a parole revocation hearing on April 21, 2003, at which Ramsey was represented by counsel. Ramsey admitted the Illinois convictions and thereby admitted his guilt for the law violations with which he was charged. The USPC revoked parole. *Id.* When Ramsey was re-paroled on August 26, 2003, he was to remain under supervision until October 2, 2013. *See Ramsey v. Faust, et al.*, Civil Action No. RMC-12-1818 (D. D.C.), at ECF No. 22.

Between 2003 and 2009, the USPC issued three letters of reprimand to Ramsey, imposed additional conditions of release because of his continued drug use, revoked parole in 2008, and re-paroled Ramsey in 2009, to a Maryland detainer warrant. *Id.* In addition, as recommended by the Court Services and Offender Supervision Agency ("CSOSA"), the USPC made Ramsey "subject to the Special Sex Offender Aftercare Condition," which could require in-patient or out-patient mental health treatment "with special emphasis on long-term sex offender testing and treatment." As of the date of Ramsey's release to the custody of Maryland authorities, Ramsey was to remain under USPC supervision until July 12, 2018. Following a revocation hearing on October 1, 2012, the USPC revoked petitioner's parole yet again, directing him to remain in custody until the December 26, 2016 expiration date of his sentence. *Id.*

Ramsey's petition for habeas relief, raising a challenge to the USPC'S authority to supplement the Parole Board's 1997 warrant to revoke his parole in 2003 and to whether he can be required to register as a sex offender, was denied by Judge Collyer on May 6, 2013.[2]

On June 2, 2016, Ramsey, who is now housed at the Volunteers of America, Residential Re-Entry Center in Baltimore, Maryland, filed the above-captioned petition for writ of mandamus pursuant to 28 U.S.C. § 1651. Ramsey claims that he has been falsely imprisoned since 2003, as the USPC delayed in issuing a parole violation warrant within a reasonable time after his 1996 Illinois conviction, relied on false information to issue the warrant, and he was given an unjust revocation

---

[2] Specifically, Judge Collyer found that the USPC had the full authority to revoke parole and to impose or modify conditions of parole and had no obligation to execute the parole violation warrant until after Ramsey had completed his Illinois sentence. *See Ramsey v. Faust, et al.*, Civil Action No. RMC-12-1818 (D. D.C.), at ECF No. 22.

hearing, primarily through inadequate representation of counsel. He claims the USPC is without jurisdiction to continue his parole. ECF No. 1, pp. 3 & 9-15. He seeks the issuance of a writ of mandamus to vacate the USPC 2003 decisions to revoke his parole and asks that the court immediately order his unconditional release. *Id.*, pp. 16-20. The petition was accompanied by a motion for leave to proceed in forma pauperis. ECF No. 2. Because he appears indigent, Ramsey's pauperis motion shall be granted.

Ramsey seeks mandamus relief citing to the All Writs Act, 28 U.S.C. § 1651(a). The Supreme Court has held on numerous occasions that such authority is to be used " 'sparingly and only in the most critical and exigent circumstances.' " *Ohio Citizens for Responsible Energy, Inc., v. NRC,* 479 U.S. 1312, 1313 (1986), *quoting Fishman v. Schaffer,* 429 U.S. 1325, 1326 (1976). The All Writs Act is properly employed only where "necessary or appropriate in aid of [a court's] jurisdiction[ ]," and where the legal rights at issue are " 'indisputably clear.' " *Wisconsin Right to Life, Inc. v. Federal Election Commission,* 542 U.S. 1305, 1306 (2004), *quoting Brown v. Gilmore,* 533 U.S. 1301, 1303 (2001). Even where these prerequisites are met, the issuing court in the exercise of its discretion must be satisfied that a writ of mandamus is appropriate under the circumstances. *Cheney v. Unites States District Court for the District of Columbia,* 542 U.S. 367 (2004). Here, petitioner fails to establish that the extraordinary remedy of mandamus is appropriate in this case. Therefore, 28 U.S.C. § 1651 is unavailable for the relief Ramsey seeks.

In the light of the liberality with which self-represented filings are to be interpreted, this

...

petition also could be viewed as having been filed pursuant to the federal mandamus statute, 28 U.S.C. § 1361 which grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, mandamus is a " 'drastic' " remedy, which is "reserved for 'extraordinary situations' " in which the petitioner "has 'no other adequate means to attain the relief he desires.' " *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402–03, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). A party seeking a writ of mandamus must demonstrate that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*Rahman*, 198 F.3d at 511.

The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Ramsey must show that: he has the clear and indisputable legal right to the relief sought; the respondents have a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief Ramsey seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*, 426 U.S. at 403. The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

Ramsey fails to allege any facts suggesting that he has a clear right to the relief requested and that he has no other means to obtain the relief he is seeking.[3] The petition for writ of mandamus shall be dismissed without prejudice. The court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1).

Date: July 5, 2016

/s/ J.F.M.
J. Frederick Motz
United States District Judge

---

[3] Indeed, it would appear that Ramsey's previous habeas corpus petition raised an unsuccessful challenge to the delay in executing the parole violation warrant. This petition represents a continuing challenge to the 2003 USPC decision.

6